UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACQUELINE O.,

           Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/26/2022_

21 Civ. 2468 (AT) (GRJ)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

On August 22, 2018, Plaintiff, Jacqueline O.,[1] applied for disability insurance benefits under the Social Security Act. Compl. ¶ 5, ECF No. 1. On November 19, 2018, her application was denied. *Id.* She requested and appeared for an administrative hearing on October 28, 2019. *Id.* The Administrative Law Judge ("ALJ") denied her application on December 11, 2019. *Id.* She requested review of the ALJ's decision, which was denied on January 28, 2021. *Id.* ¶ 6. On March 22, 2021, Plaintiff filed a complaint against Defendant, the Commissioner of Social Security (the "Commissioner"), seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). *See* Compl. On April 18, 2022, the parties filed a joint stipulation in lieu of motions for judgment on the pleadings. Joint Stip., ECF No. 20. On May 2, 2022, this action was referred to the Honorable Gary R. Jones for a report and recommendation ("R&R"). *See* R&R at 1, ECF No. 21.

Before the Court is Judge Jones' R&R, dated September 2, 2022, which recommends that the Commissioner be granted judgment on the pleadings and that the case be dismissed. *Id.* On September 17, 2022, Plaintiff filed objections to the R&R. *See* Pl. Obj., ECF No. 22. For the

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

reasons stated below, the Court OVERRULES Plaintiff's objections, ADOPTS the R&R's conclusions, and GRANTS judgment on the pleadings for the Commissioner.

**DISCUSSION**[2]

I.  Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court reviews *de novo* those portions of the R&R to which a specific objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates [their] original arguments," the court reviews the R&R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immig. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's [R&R] that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

The court reviews for clear error those portions of the R&R to which no objection is made. *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

II.  Plaintiff's Objections

Plaintiff argues that the R&R erred in: (1) concluding that the ALJ's identification of

---

[2] The Court presumes familiarity with the facts and procedural history as detailed in the R&R, *see* R&R at 2–4, and, therefore, does not summarize them here.

2

Plaintiff's "moderate impairment in adapting and managing [her]self" need not be accounted for in the ALJ's assessment of residual functional capacity ("RFC"), Pl. Obj. at 1–3; (2) affirming the ALJ's decision despite her failure to consider a mental medical opinion of record, *id.* at 3–8; and (3) concluding that the ALJ's failure to properly analyze Plaintiff's physical impairments amounted to harmless error, *id.* at 8–10.

Plaintiff's first objection simply reiterates her original argument.  Plaintiff contends that, because Social Security disability benefit evaluations follow a five-step statutorily prescribed sequential evaluation process, each step of the process "inevitably build[s]" upon the previous step such that it is improper to conclude that an ALJ need not account for all identified mental functional limitations in step two when determining RFC in step four.  Pl. Obj. at 1; *see also* R&R at 6.  Plaintiff made this argument in the parties' joint stipulation of issues and contentions.  Joint Stip. at 14–18, 21–22; *see also* R&R at 8.  The Court reviews the R&R for clear error and finds none.  *See Wallace*, 2014 WL 2854631, at *1.

The Court agrees with Judge Jones that a finding of impairment in step two does not necessarily translate to an identical finding in step four.  R&R at 9.  The analysis in step two concerns the functional effects of impairment, which is distinct from the analysis in step four of the specific work-related activities a claimant is able to perform.  R&R at 9–10 (citing *Richard B. v. Comm'r of Soc. Sec.*, No. 20 Civ. 585, 2021 WL 4316908, at *6 (W.D.N.Y. Sept. 23, 2021) and *Whipple v. Astrue*, 479 F. App'x. 367, 369 (2d Cir. 2012)).  And, "an ALJ's decision is not necessarily internally inconsistent when an impairment found to be severe [in step two] is ultimately found not disabling [in step four]: the standard for a finding of severity under [s]tep [t]wo of the sequential analysis is *de minimis* and is intended only to screen out the very weakest cases."  *Chappell v. Comm'r of Soc. Sec.*, No. 18 Civ. 01384, 2020 WL 1921222, at *6

(W.D.N.Y. Apr. 21, 2020) (quoting *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014)). Therefore, Plaintiff's objection is OVERRULED, and the Court ADOPTS the R&R's conclusion that the ALJ's failure to specifically account for Plaintiff's "moderate impairment in adapting and managing [her]self" in the RFC determination was not erroneous.

In Plaintiff's second objection, she argues that Judge Jones applied the wrong legal standard in determining whether the ALJ committed reversible error by failing to consider the mental medical opinion of Brian M. Quail, Psy.D. Pl. Obj. at 3–7; Joint Stip. at 6. First, Plaintiff argues that the R&R relied upon and "did not differentiate" between 20 C.F.R. §§ 404.1527 and 404.1520c even though § 404.1527 was rescinded on March 27, 2017, when § 404.1520c was put into effect, such that only § 404.1520c applies to Plaintiff's case. Pl. Obj. at 4. But, the R&R did not rely on § 404.1527 and correctly identified § 404.1520c as the applicable statute. R&R at 10. Next, Plaintiff contends that the ALJ failed to assess the persuasiveness of Quail's mental medical opinion and failed to explain whether she found Quail's opinion to be consistent with or supported by other record evidence. Pl. Obj. at 3–7. Plaintiff has already argued as much in the parties' joint stipulation of issues and contentions. Joint Stip. at 22–26. Finally, Plaintiff argues that, in concluding that the ALJ's failure to assess the consistency, supportability, and persuasiveness of Quail's opinion was harmless error, Judge Jones assessed only whether the ALJ's determination is supported by substantial evidence in the record rather than whether the ALJ committed a legal error. Pl. Obj. at 6–8.

Plaintiff is correct that the ALJ is required to consider and explain her assessment of the supportability and consistency of each medical opinion of record. *Id.* at 5; *Diaz v. Kijakazi*, No. 20 Civ. 10346, 2022 WL 4352470, at *6 (S.D.N.Y. Sept. 20, 2022). Plaintiff is also correct that the reviewing court must first determine whether the ALJ applied the correct legal standard

before assessing whether the ALJ's determination is based on substantial evidence in the record, Pl. Obj. at 7, and that failure to satisfy the supportability and consistency requirements of 20 C.F.R. § 404.1520c can be a basis for remand, *id.* at 5; *Diaz*, 2022 WL 4352470, at *7 (collecting cases). However, a reviewing court need not remand the case if the ALJ committed only harmless error, and the "application of the correct legal principles to the record could lead only to the same conclusion." *Diaz*, 2022 WL 4352470, at *7 (quoting *Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (alteration omitted)).

Judge Jones applied the appropriate legal standard in determining whether the ALJ committed harmless error. The reviewing court must "'conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision.'" *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012) (per curiam) (quoting *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). A reviewing court should only reject the ALJ's findings of fact "if a reasonable factfinder would have to conclude otherwise." *Brault*, 683 F.3d at 448; *see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). And, if "evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *Hilton v. Kijakazi*, No. 20 Civ. 9318, 2022 WL 1451476, at *1–2 (S.D.N.Y. May 9, 2022) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)). The reviewing court "must afford the Commissioner's determination considerable deference and 'may not substitute its own judgment

for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review.'" *Id.* (quoting *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991)).

Judge Jones conducted a thorough review of the record and found that there is substantial evidence supporting the ALJ's determination. R&R at 15. Plaintiff contends that the ALJ's failure to assess Quail's opinion is significant because Quail's opinion corroborates another medical opinion of record—that of Glenn Bromley, Ph.D., whose opinion the ALJ found unpersuasive due to the lack of other record evidence supporting his conclusions. Joint Stip. at 9, 25. The record does not support Plaintiff's argument. Quail found that Plaintiff was suffering from "psychological distress" that interfered with her "attention and memory." Joint Stip. at 23–24. Bromley concluded that Plaintiff had a "moderately to markedly limited ability to regulate emotions, control behaviors, and maintain well-being [due to] anxiety symptoms, emotional fragility and lability." *Id.* at 24. Clearly, Quail and Bromley did not come to similar conclusions. R&R at 13–14 (Bromley made separate findings regarding Plaintiff's "mildly impaired attention and concentration" and "moderate to marked limitation in her ability to regulate emotions, control behavior, and maintain well-being."); *see also Rivera v. Comm'r of the Soc. Sec. Admin.*, No. 19 Civ. 4630, 2020 WL 8167136, at *7 (S.D.N.Y. Dec. 30, 2020) (treating limitations in concentration and limitations in emotional regulation and self-control as separate medical findings), *report and recommendation adopted sub nom.*, No. 19 Civ. 4630, 2021 WL 134945 (S.D.N.Y. Jan. 14, 2021); *Andrew G. v. Comm'r of Soc. Sec.*, No. 19 Civ. 0942, 2020 WL 5848776, at *6 (N.D.N.Y. Oct. 1, 2020) (treating limitations in attention and concentration and limitations in emotional and behavioral regulation as separate medical findings). And, the ALJ found that Plaintiff had mild memory and attention impairment, consistent with Quail's opinion, and addressed those limitations in the RFC. R&R at 13. Thus,

Judge Jones applied "the correct legal principles to the record [and found that they] could lead only to the same conclusion." *Diaz*, 2022 WL 4352470 (quoting *Zabala*, 595 F.3d at 409). As a result, Judge Jones found, and the Court agrees, that the ALJ committed harmless error.

Plaintiff's objection is OVERRULED, and the Court ADOPTS the R&R's conclusion that the ALJ's failure to assess the consistency and supportability of Quail's medical opinion was harmless error.

Plaintiff's third objection is a restatement of her initial arguments. Plaintiff argues that the ALJ did not develop the record as she was obligated to do, and that the ALJ did not assess the persuasiveness, supportability, and consistency of the physical medical opinion of non-examining State Agency internal medicine specialist R. Reynolds. Joint Stip. at 32–38; Pl. Obj. at 8–10; R&R at 17. The Court reviews the R&R's conclusions as to these arguments for clear error and finds none. *See Wallace*, 2014 WL 2854631, at *1.

Plaintiff's contention that the ALJ should have developed the record is based on the ALJ's failure to consider MRIs that Plaintiff underwent in 2016 and shortly after the hearing before the ALJ. Pl. Obj. at 9. Plaintiff submitted these MRI reports to the Appeals Council after the ALJ's decision. R&R at 21 & n.3. The Appeals Council found, and Judge Jones agreed, that these reports would not change the ALJ's ultimate conclusion.[3] R&R at 21.

Judge Jones also found that: (1) the ALJ committed legal error by failing to consider Reynolds' opinion and failing to consider the consistency between Reynolds' opinion and that of Michael Healy, M.D., whose opinion the ALJ found unpersuasive, (2) the ALJ's conclusion that

---

[3] Plaintiff argues that "the R&R declines to consider the actual substance of the missing evidence . . . and merely defers to the Appeals Council's finding that assumed, without any explanation, that the MRI evidence would not have impacted the ALJ's decision." Pl. Obj. at 9. Plaintiff is incorrect. Judge Jones cited evidence in the record that the 2016 MRI was "unremarkable" aside from a small herniation that was no longer present in the 2019 MRI. R&R at 21 n.3. He also cited evidence in the record that the 2019 MRI showed a central disc herniation, which is consistent with the physical medical opinions of record. *Id.*

Plaintiff had no severe physical impairments and could perform a full range of work at all exertional levels was not supported by substantial evidence in the record, and (3) these errors did not affect the ALJ's ultimate determination.  R&R at 17–19; Joint Stip. at 33.

The ALJ must make a final determination regarding whether a claimant can perform jobs that exist in significant numbers in the national economy.  *Id.* at 6–7, 19.  Here, the ALJ identified four occupations that Plaintiff could perform, three of which involve work at light or sedentary levels of exertion.  *Id.* at 19.  Reynolds opined that Plaintiff could occasionally lift or carry twenty pounds, frequently lift or carry ten pounds, stand or walk for six out of eight hours in a workday, and perform light work.  *Id.* at 17, 19.  Healy opined that Plaintiff had a moderate limitation in her ability to stand, walk, bend, lift, and climb stairs.  *Id.* at 18.  These opinions are consistent with the ability to perform light work.  *See White v. Berryhill*, 753 F. App'x 80, 82 (2d Cir. 2019); *Gonzalez v. Comm'r of Soc. Sec.*, No. 21 Civ. 800, 2022 WL 3348386, at *12 (S.D.N.Y. May 27, 2022), *report and recommendation adopted sub nom. Gonzalez v. Kijakazi*, No. 21 Civ. 800, 2022 WL 3348525 (S.D.N.Y. Aug. 12, 2022); *Gurney v. Colvin*, No. 14 Civ. 688S, 2016 WL 805405, at *3 (W.D.N.Y. Mar. 2, 2016) (collecting cases).  Therefore, "[a]pplication of the correct legal principles to the record leads to the conclusion that Plaintiff retained the RFC to perform work consistent with light or sedentary exertion," R&R at 19, and that Plaintiff is able to perform work available in significant numbers in the national economy, which "renders any error in the exertional RFC harmless."  *Id.* at 21 (quoting *Butler v. Comm'r of Soc. Sec.*, No. 18 Civ. 5293, 2019 WL 4545639, at *11 (S.D.N.Y. Aug. 14, 2019), *report and recommendation adopted*, No. 18 Civ. 5293, 2019 WL 4534419 (S.D.N.Y. Sept. 18, 2019)); *see also Akey v. Astrue*, 467 F. App'x 15, 17 (2d Cir. 2012).

The Court OVERRULES Plaintiff's objection and ADOPTS the R&R's conclusion that the ALJ's failure to consider Reynolds' opinion was harmless error.

The Court has reviewed the remainder of the thorough and well-reasoned R&R for clear error and finds none. Accordingly, the Court OVERRULES Plaintiff's objections and ADOPTS the R&R's conclusions.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiff's objections to the R&R, ADOPTS the R&R's conclusions, and GRANTS judgment on the pleadings for the Commissioner.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: September 26, 2022
      New York, New York

                                                 ANALISA TORRES
                                          United States District Judge